365 S.E.2d 56

**CLENDENIN LUMBER & SUPPLY COMPANY, INC., etc.,**

v.

**Chuck VOLPI, d/b/a Mainline Contractors, etc., et al.**

No. 17559.

Supreme Court of Appeals of West Virginia.

Dec. 3, 1987.

Charles E. Hurt, Charleston, for Clendenin Lumber.

George C. Duffield, Charleston, for Volpi et al.

PER CURIAM:

Chuck Volpi, the appellant, did business as Mainline Contractors, a corporation of which he was the vice president. On 6 May 1982 Mr. Volpi established a line of credit with the appellee, Clendenin Lumber and Supply Co., by filling out a credit application. The business applying for the line of credit was Mainline Contractors, Inc., but toward the bottom of the page, before the signature, the following statement appeared:

> "I and/or we certify the truthfulness and veracity of the statement appearing above and I and/or we guarantee and bind ourselves to the faithful payment of all amounts purchased or now owing, by

us or either of us, or any other person, firm, or corporation for our benefit. If credit is extended to a corporation in which we, or either of us, or I am an officer, or in which an interest exists, I and/or we will personally faithfully guarantee the payment of all credit extended to said corporation."

At the bottom of the page, Mr. Volpi signed the application and after his name wrote the initials V.P., indicating that he was the corporation's vice president.

Mainline Contractors defaulted on its debt and Clendenin Lumber brought suit in circuit court. Mr. Volpi originally filed an answer *pro se* stating:

"We would like to set up some kind of monthly payments to clear this debt. We have had a difficult time for the past couple of years. We are going to start seeing daylight in [the] next thirty days."

However, after Clendenin Lumber had agreed to monthly payments with Mr. Volpi, no payments were made and Clendenin Lumber filed a motion for summary judgment. Mr. Volpi hired a lawyer, filed another answer, and Clendenin Lumber then filed an amended complaint alleging an additional cause of action against Mr. Volpi on the grounds that he either personally bought materials from Clendenin Lumber or guaranteed payment for materials bought by Mainline Contractors. The circuit court granted summary judgment against both Mainline and Mr. Volpi personally in favor of Clendenin Lumber. Mr. Volpi now appeals on the grounds that he signed the credit application exclusively in his capacity as an officer of the corporation and not personally. We agree with the circuit court.

■ Because Mainline Contractors' credit application was not a negotiable instrument, it is outside the provisions governing guaranty agreements contained in *W.Va.Code*, 46–3–416(1) [1963],[1] *Gregoire v. Lowndes Bank*, 176 W.Va. 296, 342 S.E.2d 264 (1986). However, it is clear that

Mr. Volpi undertook the obligation of guaranty, and the enforceability of his promise is well within our prior contract law. We said in Syl. pt. 3 of *Esso Standard Oil v. Kelly*, 145 W.Va. 43, 112 S.E.2d 461 (1960): "An absolute guaranty is an unconditional promise of payment or performance of the contract on default of the principal debtor or obligor." *See also, Henderson v. Kessel*, 93 W.Va. 60, 116 S.E. 68 (1923). Clearly, the statement signed by Mr. Volpi unequivocally complied with our requirements for an enforceable undertaking of guaranty and established that he was a personal guarantor of the debt of the corporation. Accordingly the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.

---

1. *W.Va.Code*, 46–3–416(1) [1963] provides: "Payment guaranteed" or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it according to its tenor without resort by the holder to any other party.